UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIEGO GONZALEZ,

        Petitioner,

    v.

WILLIAM KNIPP, Warden,

        Respondent.
      _____/

No. C-12-4557 EMC (pr)

**ORDER TO SHOW CAUSE**

## I.  INTRODUCTION

Diego Gonzalez, an inmate at Mule Creek State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.  BACKGROUND

The petition and attachments thereto provide the following information: Gonzalez was convicted in Contra Costa County Superior Court of forcible oral copulation, forcible rape, first degree robbery, making a criminal threat, and dissuading a witness from testifying. Sentence enhancement allegations for personal use of a deadly or dangerous weapon were found true. On March 23, 2009, Gonzalez was sentenced to a total of 50 years to life in prison.

Gonzalez appealed. The judgment of conviction was affirmed by the California Court of Appeal in 2009. His petition for review was denied by the California Supreme Court in 2011. Gonzalez indicates that he did not file any state habeas petitions before filing this action.

### III. DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition has two claims for habeas relief. First, Gonzalez alleges that the trial court violated his Sixth and Fourteenth Amendment rights to due process and trial by jury "by erroneously directing the verdict as to first degree robbery when it instructed the jury that 'an occupied hotel room constituted an inhabited dwelling' as a matter of law." Docket # 1, p. 13. Second, he alleges that his sentence of 50 years to life amounts to cruel and unusual punishment prohibited by the Eighth Amendment. Docket # 1, p. 17. Liberally construed, these claims are cognizable claims for habeas relief.

### IV. CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **December 21, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **January 31, 2013**.

5.  Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6.  Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

7.  Petitioner's *in forma pauperis* application is **DENIED** because he has sufficient funds to pay the filing fee. (Docket # 3.) No later than **November 16, 2012,** Petitioner must pay the $5.00 filing fee.

IT IS SO ORDERED.

Dated: October 15, 2012

_____
EDWARD M. CHEN
United States District Judge

3