United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO GONZALEZ,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM KNIPP, Warden,<br><br>    Respondent.<br>_____/ | No. C-12-4557 EMC (pr)<br><br>**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE THE CASE** |

    Petitioner has filed a motion to hold his federal habeas petition in abeyance so that he can return to the California state courts to present one or more unexhausted claims.

    There are two kinds of stay and abeyance proceedings available in a habeas action: the *Rhines* stay and the *King/Kelly* stay. A stay under *Rhines v. Weber*, 544 U.S. 269 (2005), "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Petitioner has not satisfied the criteria for a *Rhines* stay because he has not explained why he did not exhaust the claims before filing his federal petition and he has not shown that the unidentified claims he wants to present to the state courts are not meritless.

    The *King/Kelly* stay provides an alternative method to deal with a petitioner who has some unexhausted claims he wants to present in his federal habeas action. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the

petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *King/Kelly* three-step procedure is not required to show good cause as under *Rhines*. *See id.* at 1141. Here, Petitioner satisfies the only currently applicable requirement for a *King/Kelly* stay, *i.e.*, that his petition has no unexhausted claims. The claims in the petition appear to have been exhausted, as both were discussed in the California Court of Appeal's opinion affirming Petitioner's conviction. The *King/Kelly* stay does not appear to require this Court to decide whether the claims relate back at the time it considers whether to grant a stay. Whether the claims relate back to the petition can be decided when he returns after exhausting state court remedies and moves to amend his petition to add those newly-exhausted claims. The Court will grant a *King/Kelly* stay so that Petitioner may exhaust state court remedies for all the claims he wishes to present to this Court.

For the foregoing reasons, Petitioner's motion to hold his petition in abeyance is **GRANTED**. (Docket # 7.) This action is now **STAYED** and the Clerk shall **ADMINISTRATIVELY CLOSE** the action. Nothing further will take place in this action until Petitioner exhausts state court remedies for any unexhausted claims and then moves to reopen this action, lift the stay and amend his petition to add any new claims. Petitioner must act diligently to get his state court petition filed and promptly return to this Court – *i.e.*, within thirty days after his state court proceedings have concluded. *See Kelly*, 315 F.3d at 1070.

In light of the stay, the briefing schedule set in the Order To Show Cause is vacated and Respondent's motion for an extension of the deadline to respond to the petition is dismissed as moot. (Docket # 8.)

IT IS SO ORDERED.

Dated: January 3, 2013

EDWARD M. CHEN
United States District Judge

2