UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO GONZALEZ,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM KNIPP, Warden,<br><br>    Respondent.<br>_____/ | No. C-12-4557 EMC (pr)<br><br>**ORDER LIFTING STAY, DISMISSING NEW CLAIMS, AND SETTING BRIEFING SCHEDULE** |

## I. INTRODUCTION

Diego Gonzalez, a *pro se* prisoner, filed this action for a writ of habeas corpus in 2012 challenging his 2009 conviction in Contra Costa County Superior Court. After the Court ordered Respondent to show cause why the petition should not be granted, Petitioner requested and received a stay of these proceedings so he could go to state court and exhaust state court remedies as to some new claims. After exhausting state court remedies, he now returns to federal court with an amended petition containing the two claims from the original petition plus three new claims. Petitioner now moves to reopen this action, lift the stay and proceed with consideration of all five of his claims. Respondent opposes the motion, arguing that the new claims are untimely. The Court finds the three new claims to be barred by the statute of limitations and dismisses them. Respondent will be required to address the two remaining claims.

## II. BACKGROUND

Petitioner was convicted in Contra Costa County Superior Court of three counts of forcible oral copulation, two counts of forcible rape, two counts of first degree robbery, one count of making a criminal threat, and one count of dissuading a witness from testifying. The trier of fact found true

weapon enhancement allegations. On March 23, 2009, Petitioner was sentenced to 50 years to life in state prison.

Petitioner appealed. The California Court of Appeal affirmed the judgment of conviction on May 31, 2011. The California Supreme Court denied his petition for review on September 14, 2011.

Petitioner then filed this action. His petition for writ of habeas corpus has a proof of service stating that he mailed it to the Court on August 16, 2012. The petition was stamped "filed" on August 30, 2012. As a *pro se* petitioner, Petitioner receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to a court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The petition is deemed filed as of August 16, 2012.

The petition for writ of habeas corpus had two claims for habeas relief: (1) Petitioner's rights to due process and trial by jury were violated when the trial judge instructed the jury that "'an occupied hotel room constituted an inhabited dwelling' as a matter of law," Docket # 1 at 13; and (2) his sentence amounts to cruel and unusual punishment prohibited by the Eighth Amendment.

On October 15, 2012, the Court ordered Respondent to show cause why the petition should not be granted. (Docket # 5.) On November 19, 2012 (before Respondent filed an answer), Petitioner filed a motion for the Court to hold his habeas petition in abeyance. (Docket # 7.) The Court granted the request and stayed this action on January 3, 2013. (Docket # 9.)

Petitioner then exhausted state court remedies for three new claims by filing a petition for writ of habeas corpus in the California Supreme Court. That petition has an August 13, 2013 proof of service, was stamped "filed" at the Supreme Court on August 19, 2013, and was denied in an order filed November 13, 2013. *See* Docket # 12-1 at 63, 82, 84.

Petitioner now moves to reopen this action, lift the stay, and proceed with consideration of the amended petition he mailed to the Court on December 10, 2013. The amended petition alleges the following claims: (1) Petitioner's rights to due process and trial by jury were violated when the trial judge instructed the jury that "'an occupied hotel room constituted an inhabited dwelling' as a matter of law," Docket # 10-1 at 13; (2) his sentence amounts to cruel and unusual punishment prohibited by the Eighth Amendment; (3) Petitioner was denied his Sixth Amendment right to

effective assistance of counsel when counsel gave deficient advice that led to Petitioner's rejection of a plea offer; (4) Petitioner's Fourteenth Amendment right to testify was violated when counsel did not allow him to testify in his own defense; and (5) Petitioner's right to equal protection was denied when the prosecutor selected him for prosecution for sex crimes against prostitutes while not prosecuting the prostitutes for engaging in prostitution. In response to the motion to reopen, Respondent argues that the three new claims are time-barred.

### III.     DISCUSSION

A.     The Stay That Was Granted

This action was stayed and administratively closed at Petitioner's request so that he could exhaust state court remedies for one or more claims not included in the original petition for writ of habeas corpus. In granting the stay, the Court explained that it was granting a *King/Kelly* stay rather than a *Rhines* stay because Petitioner had not satisfied the criteria for a *Rhines* stay, i.e., he had "not explained why he did not exhaust the claims before filing his federal petition and he [had] not shown that the unidentified claims he wants to present to the state courts are not meritless." Docket # 9 at 1 (citing *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005)). The Court further explained that Petitioner had satisfied the only requirement for a *King/Kelly*, stay, i.e., his petition had no unexhausted claims. *Id.* at 2 (citing *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)). The Court then stated: "The *King/Kelly* stay does not appear to require this Court to decide whether the claims relate back at the time it considers whether to grant a stay. Whether the claims relate back to the petition can be decided when he returns after exhausting state court remedies and moves to amend his petition to add those newly-exhausted claims." *Id.* That day has arrived.

B.     The New Claims Do Not Relate Back

Respondent argues that Claims 3-5 of the amended petition are time-barred. Respondent concedes that Claims 1-2 are timely because they were in the original petition filed before the statute of limitations period expired. Respondent argues that the new claims in the amended petition (i.e., Claims 3-5) are time-barred because the limitations period expired before the amended petition was filed. The first matter to decide is whether any of the new claims in the amended petition relate back

3

to the original petition because, if they do, they would be timely because the original petition was timely.

A claim that is presented in an amended petition filed after the one-year statute of limitations has expired relates back to the date of the original pleading only if the original and amended pleadings "'ar[i]se out of the conduct, transaction, or occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting Fed. R. Civ. P. 15(c)(2)). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650 (new coerced confession claim did not relate back to the original petition that raised only a factually distinct Confrontation Clause claim). *Mayle* explicitly rejected the proposition that the "same 'conduct, transaction, or occurrence' [means the] same 'trial, conviction, or sentence.'" *Id.* at 664. Only if the original and amended petition state claims that are tied to a common core of operative facts will the new claim in an amended petition relate back to the filing date of the original petition. *See id.* at 664-65. *Compare Rhoades v. Henry (Haddon)*, 598 F.3d 511, 519-20 (9th Cir. 2010) (district court properly denied leave to amend petition to add claims arising out of alleged misconduct of the prosecutors in another case against defendant based on FBI lab testing because those claims did not relate back to other timely-filed claims about police questioning at the time of his arrest, jailhouse informant testimony, and judicial bias), *and Hebner v. McGrath*, 543 F.3d 1133, 1138-39 (9th Cir. 2008) (district court did not err by denying leave to amend petition where original claim challenged admission of evidence at trial and new claim challenged jury instruction concerning consideration of such evidence; they were two discrete occurrences dependent upon separate transactions not sharing a common core of operative facts), *with Valdovinos v. McGrath*, 598 F.3d 568, 575 (9th Cir. 2010), *judgment vacated on other grounds, Horel v. Valdovinos,* 131 S.Ct. 1042 (2011) (*Brady* claim in amended petition related back to *Brady* claim in original petition where revision added newly discovered evidence that had not been disclosed by prosecutor; both the original and amended claims were "of the same type" in that both pertained to suppressed exculpatory evidence the government had in its file), *and id.* at 575-76 (ineffective assistance of counsel claim in amended petition related back to ineffective assistance of counsel claim in original

4

petition where both claims pertained to counsel's alleged failure to adequately investigate suppressed exculpatory evidence upon learning of it and amended claim "simply adds more evidence that counsel did not uncover").

Having reviewed the claims in the amended petition and the original petition, the Court concludes that the new claims – i.e., Claims 3-5 – do not relate back because none arise out of the same "conduct, transaction, or occurrence" as either of the two claims in the original petition. The instructional error and cruel-and-unusual-punishment claims in the original petition have no common core of operative facts with the ineffective assistance of counsel, denial of right to testify, and selective prosecution claims in the amended petition. Since there is no relation back to the timely original petition, the next matter to determine is whether the amended petition in which those new claims were first asserted was timely filed.

C.   The New Claims Are Untimely

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented a petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Here, the judgment became final and the limitations period began on December 13, 2011, ninety days after the California Supreme Court denied the petition for review on September 14, 2011. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the petitioner could have sought further direct review, regardless of whether he did so). The original petition, filed on August 16, 2012, clearly was filed within the one-year limitations period. Since amended petition's new claims do not relate back to the timely claims in the original petition, none of the new claims can take advantage of the August 16, 2012 filing date. Therefore, the amended petition had to be filed by the expiration of the limitations period for the

new claims in it to be considered timely filed. The presumptive deadline for Petitioner to file his amended petition was December 13, 2012. He missed that deadline by almost a year when he filed his amended petition on December 10, 2013, so unless he qualifies for substantial tolling, the amended petition is untimely.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner receives no statutory tolling because he did not file any petitions for writ of habeas corpus or other collateral review in the California state courts before the limitations period expired. His first and only state petition for writ of habeas corpus was filed on August 13, 2013, months after the limitations period had expired on December 13, 2012, and did not toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

The one-year limitations period can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645 (2010). '"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* at 655 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *See also Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

The closest Petitioner comes to making an argument for equitable tolling is to argue that the new claims should not be rejected as untimely because, when he asked for a stay, he asked the Court to "[f]ashion it's (sic) order granting the stay to avoid the very issues that Respondent now raises. Petitioner has followed this Court's order to the letter and accordingly, any [i]neffective [a]ssistance of counsel claim must relate back to the original writ." Docket # 13 at 3-4. This argument fails to convince the Court that Petitioner is entitled to equitable tolling or that he should be permitted to pursue the new claims. Petitioner's motion to hold the petition in abeyance did not ask for an order that avoided the very problem he now faces. Nor could such an order have been issued in response to the motion he filed because Petitioner did not satisfy the requirements for a *Rhines* stay and the

6

1  Court was not free to grant a *Rhines* stay in disregard of those requirements. As explained in
2  Section A above and in the January 3, 2013 order, Petitioner was only entitled to a *King/Kelly* stay,
3  and that is what the Court granted. Further, the January 3, 2013 order explicitly left unresolved the
4  question whether the new claims would relate back to the original petition. *See* Docket # 9 at 2.
5  This Court's order was not an "extraordinary circumstance" that "stood in [the] way," *Holland*, 560
6  U.S. at 655, of Petitioner timely filing his amended petition. He also has not shown that he was
7  "pursuing his rights diligently," *id.*, as he did not file his state habeas petition until nine months after
8  he announced his desire to file it and seven months after this Court granted the stay so that he could
9  file the state habeas petition. Equitable tolling of the limitations period is not warranted.

10  The amended petition was not filed before the expiration of the statute of limitations
11  deadline. Therefore, Claims 3-5, which were first raised in that amended petition, are time-barred
12  and leave to file the amended petition is denied. The operative pleading remains the original
13  petition, which asserts only Claims 1-2. (The text of Claims 1-2 is the same in the original and
14  amended petition.)

### IV.     CONCLUSION

Petitioner's motion to reopen this action, lift the stay and amend his petition to add new claims is **GRANTED in part** and **DENIED in part**. (Docket # 10.) The stay is lifted. The Clerk will reopen this action that had been closed administratively. However, leave to add the new claims (i.e., Claims 3-5) in the amended petition is denied because they were not filed before the expiration of the one-year habeas limitations period and do not relate back to the original petition. With the dismissal of those new claims, there remain for adjudication Claims 1-2 in the original petition. In order to move this case toward resolution, the Court now sets the following briefing schedule:

1. Respondent must file and serve upon Petitioner, on or before **June 20, 2014**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

2. If Petitioner wishes to respond to the answer, he must file and serve his traverse upon Respondent, on or before **July 18, 2014**.

IT IS SO ORDERED.

Dated: April 21, 2014

_____
EDWARD M. CHEN
United States District Judge