UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM KNIPP,<br><br>    Defendant. | Case No. 12-cv-04557-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**<br><br>Docket Nos. 43, 45 |

On September 30, 2015, the Court denied Diego Gonzalez's *pro se* petition for writ of habeas corpus and entered judgment. Less than three weeks later, Mr. Gonzalez filed a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b)(1) due to excusable neglect and mistake. Docket No. 43.

On November 2, 2015, the Court reviewed the Rule 60(b)(1) motion, determined that it failed to clearly explain the basis for it, and directed Mr. Gonzalez to do the following by November 30, 2015: (a) file a supplement to elaborate on his arguments; (b) file a declaration explaining when he received certain court documents, as well as describing his efforts to complete his traverse; (c) file a copy of his mail log; and (d) file his traverse if he had prepared one. Docket No. 44 at 1-2.

A.   <u>The Request For An Extension Of The Deadline To File Supplemental Materials</u>

Mr. Gonzalez did not comply with the Court's November 2, 2015 order to provide the supplemental materials. Instead, more than two weeks after the deadline, another inmate sent in a copy of Mr. Gonzalez's inmate mail log and an unsigned request for an extension of the deadline, stating that Mr. Gonzalez had transferred to another facility and would need to find someone there to help him. Docket No. 45. In the two months since that unsigned request for an extension of the

1    deadline was sent by another inmate, Mr. Gonzalez has not bothered to contact the Court.

2        The unsigned request for an extension of the deadline to comply with the November 2,
3    2015 order is **DENIED**. Docket No. 45. Mr. Gonzalez did not exercise reasonable diligence in
4    complying with the Court's November 2, 2015 order. The information that Mr. Gonzalez was
5    directed to provide was largely factual, and could have been provided many weeks ago had Mr.
6    Gonzalez exercised any diligence. First, the Court had asked Mr. Gonzalez to be more clear about
7    the reasons for the Rule 60(b)(1) motion. That supplement could have been prepared in just a
8    couple of hours. If Mr. Gonzalez did not already know the reasons for filing the Rule 60(b)(1)
9    motion, he should not have filed the Rule 60(b)(1) motion at all. Second, the Court had asked Mr.
10   Gonzalez to provide some factual information in a declaration. That declaration could have been
11   prepared in just a couple of hours. Third, the Court did not direct Mr. Gonzalez to write a traverse
12   and instead told him to file a traverse if he had one already prepared. The fact that he did not file a
13   traverse indicates that he still has not prepared a traverse, even though Respondent's answer was
14   filed seventeen months ago.

15       Mr. Gonzalez has had more than three months to comply with the Court's November 2,
16   2015 order. The Court has waited long enough and will rule on the Rule 60(b)(1) motion with the
17   materials available in the record and the unclear arguments in the motion.

18   B.    <u>The Rule 60(b)(1) Motion</u>

19       Mr. Gonzalez's Rule 60(b)(1) motion seeks relief from the judgment so that he can file a
20   traverse. Mr. Gonzalez's Rule 60(b)(1) motion makes three points: (1) he was waiting for
21   guidance from the Court, (2) his petition was dismissed because he did not file a traverse, and (3)
22   counsel should be appointed. Docket No. 43.

23       Federal Rule of Civil Procedure 60(b)(1) allows a party to obtain relief from a judgment
24   due to "excusable neglect." "Excusable neglect 'encompass[es] situations in which the failure to
25   comply with a filing deadline is attributable to negligence, and includes 'omissions caused by
26   carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer
27   Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993)). To determine whether
28   neglect is excusable, the court must articulate and consider at least these four factors: "(1) the

1  danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on
2  the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."
3  *Bateman v. United States Postal Serv.,* 231 F.3d 1220, 1223-24 (9th Cir. 2000) (adopting standard
4  to determine excusable neglect as set forth in *Pioneer Inv. Servs. Co*, 507 U.S. at 395); *Lemoge*,
5  587 F.3d at 1192.[1]  The four factors are not exclusive, and other factors may be relevant,
6  depending on the circumstances of the case. *Lemoge*, 587 F.3d at 1195; *see e.g., id.* (considering
7  prejudice to plaintiffs due to statute of limitations problems). The Court now applies these factors
8  to Mr. Gonzalez's motion.

9  The first factor, the danger of prejudice to the opponent, weighs in favor of granting relief
10  from the judgment. There is no evident danger of prejudice to Respondent. Respondent has
11  already filed his answer, and will not need to do anything further if the action is reopened and a
12  traverse is filed, unless the Court grants the petition.

13  The second factor is the length of the delay and potential impact on the proceedings. Mr.
14  Gonzalez filed the Rule 60(b)(1) motion less than three weeks after the entry of judgment, so his
15  promptness weighs in his favor. However, granting the motion would have a negative impact on

---

[1] Although both the second and third factors refer to delay -- with the second factor being the length of delay, and the third factor being the reason for the delay -- the delay at issue refers to two different things. Cases have considered the "length of the delay" as referring to the delay in filing the Rule 60(b)(1) motion after the judgment or other adverse order, but have considered the "reason for the delay" as referring to the reason for missing the deadline that caused the judgment or other adverse order to be entered. *See, e.g., Lemoge*, 587 F.3d at 1197 (focusing on the seven-month delay between entry of judgment and filing of Rule 60(b) motion for the second factor, while focusing on the reason for failing to timely accomplish service of process that led to the dismissal for the third factor); *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc) (focusing on the reason for missing the deadline to file a notice of appeal for the third factor); *Bateman*, 231 F.3d at 1225 (focusing on the time between the order granting summary judgment and the filing of the Rule 60(b) motion for the second factor, while focusing on the reason for failing to file the opposition to the motion for summary judgment by the deadline rather than the reason for taking a month to file the Rule 60(b)(1) motion for the third factor). *See generally Casey v. Albertson's, Inc.,* 362 F.3d 1254 (9th Cir. 2004) (upholding denial of Rule 60(b)(1) motion that was filed a year after entry of summary judgment based on movant recently finding a witness using an online search service; movant did not show that only one online search service could find the missing witness nor why she was unable to discover this service until nearly a year after entry of judgment).

the proceedings in that it would require a significant duplication of judicial efforts. The Court spent a substantial amount of time examining the state court records, evaluating the parties' legal arguments, and drafting the twenty-page order denying the petition. Allowing a traverse at this late date would require further expenditure of judicial resources to become re-acquainted with the facts of the case (at an unspecified future date, since it is unknown when the traverse might be filed) and re-acquainted with the particular legal arguments to determine whether the traverse presents any new angles of attack that are not simply reiterations of statements from the original petition.

The third factor, the reason for the delay, is generally thought of as the "most important" of the factors. *Pincay*, 389 F.3d at 853 (Kozinski, J., dissenting). Here, the third factor cuts sharply against Mr. Gonzalez, who has not shown that his delay in filing a traverse was anything but purposeful. Mr. Gonzalez argues that he was "waiting for an ORDER [from this court] on [WHAT] was Petitioner's next procedural obligation" after the appeal. Docket No. 43 at 2 (capitalization and brackets in source). Mr. Gonzalez's argument that he was waiting for an order to file his traverse is plainly meritless because he had received just such an order. The Court originally set a traverse deadline of September 19, 2014 (*see* Docket No. 20); granted Mr. Gonzalez's first request for an extension of the deadline and set a new traverse deadline of November 7, 2014 (*see* Docket No. 30); and granted Mr. Gonzalez's second request for an extension of the deadline, and set a new deadline of January 23, 2015 (*see* Docket No. 34.) The order granting the second request stated:

> Petitioner must file and serve his traverse on or before January 23, 2015. No further extensions of this deadline will be granted because, by the time it arrives, Petitioner will have had five months to prepare his traverse. *This Court will not wait for a ruling from the Ninth Circuit on Petitioner's second interlocutory appeal before deciding the merits of the petition.*

Docket No. 34 (emphasis added). Mr. Gonzalez's mail log shows that he received that order on or about November 21, 2014. *See* Docket No. 45 at 7. Mr. Gonzalez offers no explanation as to why, upon receipt of an order that so unequivocally told him he had to file any traverse by January 23, 2015, he did not file a traverse. He has not shown that his non-compliance with the deadline

4

1  was other than a conscious choice, which does not support relief.

2  The fourth factor, the movant's good faith, does not weigh in favor of relief from the
3  judgment because Mr. Gonzalez has made no showing that he acted in good faith in not filing a
4  traverse by the deadline or in the following eight months before judgment was entered.  Not only
5  did the traverse deadline come and go, the Ninth Circuit dismissed the appeal as premature on
6  January 16, 2015.  Mr. Gonzalez thereafter requested a copy of the docket sheet (*see* Docket No.
7  38), and the docket sheet was sent to him on February 24, 2015.  Had he merely read the docket
8  sheet, he would have seen the entry for the November 17, 2014 order extending the traverse
9  deadline and the traverse deadline of January 23, 2015.  *See* Docket No. 34 and text entry
10 following Docket No. 34.  Thus, as of late February or early March 2015, Mr. Gonzalez would
11 have known both that the Ninth Circuit had dismissed his appeal, and he had missed the deadline
12 to file his traverse.  Yet he did nothing until late September 2015, when he sent an inquiry to the
13 Court.  Nothing stood in the way of Mr. Gonzalez filing a traverse: there was no court order that
14 Mr. Gonzalez had to refrain from working on his traverse or that he was not allowed to file a
15 traverse without a further court order.  More than eight months passed after the January 23, 2015
16 deadline for the traverse before the Court denied the petition and entered judgment on September
17 30, 2015.

18 In this case, there is another factor relevant to evaluating the Rule 60(b)(1) motion.  *See*
19 *Lemoge*, 587 F.3d at 1195 (the four factors in *Bateman* are not the exclusive factors).  That factor
20 is that the basis for the motion is Mr. Gonzalez's failure to file an *optional* document.  A traverse
21 is an optional document and his failure to file it did not cause the judgment to be entered.  Mr.
22 Gonzalez's situation thus is unlike the cases where a party's neglect of a deadline directly led to
23 the entry of judgment (or adverse order), such as the failure to serve process (*Lemoge*), the failure
24 to oppose a motion for summary judgment (*Bateman*), or the failure to file a timely notice of
25 appeal (*Pincay*).  Mr. Gonzalez's argument that the court dismissed his petition because he did not
26 file a traverse is wrong on the facts because his petition was denied on the merits and was not

5

dismissed due to the absence of a traverse.[2] Not only did the Court not dismiss the action for failure to file a traverse, doing so probably would have been an error due to the optional nature of a traverse. *See* Rules Governing § 2254 Cases In The United States District Courts, Rule 5(e) ("The petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge.") The advisory committee notes to Rule 5 explain that "Rule 5 (and the general procedure set up by this entire set of rules) does not contemplate a traverse to the answer, except under special circumstances. . . . Therefore, the old common law assumption of the verity of the allegations of a return until impeached, as codified in 28 U.S.C. § 2248, is no longer applicable." Mr. Gonzalez may have missed an opportunity to further argue the merits of his claims by not filing a traverse, but he did not cause his case to be dismissed when he did not file a traverse by the deadline.

Upon due consideration of these factors, the Court find that Mr. Gonzalez has not shown excusable neglect. The Court declines to grant Mr. Gonzalez relief from the judgment under Rule 60(b)(1) for his claimed excusable neglect in not filing a traverse. Mr. Gonzalez's Rule 60(b)(1) motion is **DENIED**. Docket No. 43.

C.  Mr. Gonzalez's Argument That Counsel Should Be Appointed

In his Rule 60(b)(1) motion, Mr. Gonzalez argues that the Court should appoint counsel for him. Docket No. 43 at 2. This argument does not support relief under Rule 60(b)(1). The Court denied his request for appointment of counsel in October 2014. *See* Docket No. 30. Insofar as Mr. Gonzalez is requesting appointment of counsel today, the request is denied because there is no reason to appoint counsel in a case in which the petition has been denied and judgment entered.

D.  No Certificate Of Appealability

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in

---

[2] Mr. Gonzalez also appears to argue that the Court made a mistake when it "dismissed his petition for failure to file a traverse." Docket No. 43 at 3. Rule 60(b)(1) does allow for relief from a judgment due to a "mistake" but there was no mistaken dismissal in this case. As mentioned in the text, the petition was denied on the merits, and not due to Mr. Gonzalez's failure to file a traverse. *See* Docket 40.

1 which "jurists of reason would find it debatable whether the petition states a valid claim of the
2 denial of a constitutional right and that jurists of reason would find it debatable whether the
3 district court was correct" in its ruling in the order denying the petition for writ of habeas corpus
4 or in this order. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The denial of the certificate of
5 appealability is without prejudice to Mr. Gonzalez seeking a certificate from the United States
6 Court of Appeals for the Ninth Circuit.

The materials submitted on Mr. Gonzalez's behalf include a notice of appeal. *See* Docket No. 45 at 3. Therefore, the Clerk shall forward to the court of appeals the case file with the notice of appeal, this order and the order denying the petition for writ of habeas corpus. *See United States v Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

**IT IS SO ORDERED**.

Dated: February 17, 2016

_____
EDWARD M. CHEN
United States District Judge